UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CRAIG J. NEUVIRTH,<br><br>            Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,[1]<br>Commissioner of Social<br>Security,<br><br>            Defendant. | No. CV-06-0188-CI<br><br>ORDER GRANTING PLAINTIFF'S<br>MOTION FOR SUMMARY JUDGMENT<br>AND DENYING DEFENDANT'S<br>MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are cross-Motions for Summary Judgment (Ct. Rec. 12, 15.) Attorney Maureen Rosette represents Plaintiff; Assistant United States Attorney Pamela J. DeRusha and Special Assistant United States Attorney Jeffrey Baird represent Defendant. The parties have consented to proceed before a magistrate judge. (Ct. Rec. 7.) After reviewing the administrative record and briefs filed by the parties, the court **GRANTS** Plaintiff's Motion for

---

[1] As of February 12, 2007, Michael J. Astrue became Commissioner of Social Security. Pursuant to FED. R. CIV. P. 25(d)(1), Commissioner Michael J. Astrue should be substituted as Defendant, and this lawsuit proceeds without further action by the parties. 42 U.S.C. 405 (g).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 1

1  Summary Judgment, and remands the matter to the Commissioner for
2  additional proceedings.

## JURISDICTION

On November 5, 2003, Plaintiff Craig J. Neuvirth (Plaintiff) applied for disability insurance benefits (Tr. 53-56); on April 22, 2004, he applied for Social Security Income (SSI) benefits. (Tr. 369-372.) Plaintiff alleged disability due to post-traumatic stress disorder (PTSD) and shoulder bursitis, with an onset date of February 1, 1993. (Tr. 66.) Benefits were denied initially and on reconsideration. (Tr. 36-37.) Plaintiff requested a hearing before an administrative law judge (ALJ), which was held before ALJ R. J. Payne on November 22, 2005. (Tr. 391-404.) Plaintiff, who was represented by counsel, did not testify. Medical experts Ronald Klein, Ph.D., and Robert Berselli, M.D., testified. The ALJ denied benefits and the Appeals Council denied review. (Tr. 5-7, 15-27.) The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

## STATEMENT OF THE CASE

The facts of the case are set forth in detail in the transcript of proceedings, and are briefly summarized here. Plaintiff was born on October 5, 1959, and was 46 years old at the time of the hearing. (Tr. 19.) He had past work experience as a dishwasher, administrative clerk and laborer. (Tr. 72.) He reported to the examining psychologist that he was divorced and had six children. (Tr. 118.) He reported he spent four years in the Marines and had worked also as a telemarketer and in a package store. (Tr. 119.) He reported a long-standing history of drug and alcohol abuse and

chemical dependence treatment.  (Tr. 118.)

## ADMINISTRATIVE DECISION

At step one, ALJ Payne found Plaintiff had engaged in substantial gainful activity until May 2003.[2]  (Tr. 20.)  At step two, he found Plaintiff had severe impairments of PTSD and substance abuse/dependence.  (Tr. 21.)  At step three, he found that,

> [O]ther than Section Listing 12.09 for substance abuse disorder, . . . the evidence does not support a finding that *absence* [sic] *the consideration of substance abuse*, the claimant has had a medical condition which singularly or in combination, meets or medically equals any of the administratively recognized level impairments listed in Appendix I, Subpart P, Regulations No. 4 [Listings].

(Tr. 22, 26.)  The ALJ found Plaintiff's allegations not totally credible.  (Tr. 23, 26.)  At step four he found Plaintiff had no significant exertional limitations physically, but had "moderate" mental capacity limitations interacting with the general public.  The ALJ determined Plaintiff was capable of performing his past relevant work as a general laborer.  (Tr. 26.)  The ALJ proceeded to step five and found Plaintiff was a younger individual, with a high-school education and "no transferable skills from any past relevant work and/or transferability of skills is not an issue in this case."  (Id.)  Applying Section 204.00 of the Medical-Vocational Guidelines "as a framework for decision-making," he determined Plaintiff was not under a disability as defined by the Social Security Act.  (Id.)

## STANDARD OF REVIEW

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

---

[2] Plaintiff does not dispute the ALJ's step one finding; thus the period at issue began on May 1, 2003.  (Tr. 19-20, 26, 118.)

A district court's order upholding the Commissioner's denial of benefits is reviewed *de novo*. *Harman v. Apfel*, 211 F.3d 1172, 1174 (9th Cir. 2000). The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner*, 169 F.3d 595, 599 (9th Cir. 1999).

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

**SEQUENTIAL PROCESS**

Also in *Edlund*, 253 F.3d at 1156-1157, the court set out the requirements necessary to establish disability:

> Under the Social Security Act, individuals who are "under a disability" are eligible to receive benefits. 42 U.S.C. § 423(a)(1)(D). A "disability" is defined as "any medically determinable physical or mental impairment" which prevents one from engaging "in any substantial gainful activity" and is expected to result in death or last "for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Such an impairment must result from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The Act also provides that a claimant will be eligible for benefits only if his impairments "are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . . ." 42 U.S.C. § 423(d)(2)(A). Thus, the definition of disability consists of both medical and vocational components.
>
> In evaluating whether a claimant suffers from a

disability, an ALJ must apply a five-step sequential inquiry addressing both components of the definition, until a question is answered affirmatively or negatively in such a way that an ultimate determination can be made. 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f). "The claimant bears the burden of proving that [s]he is disabled." *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). This requires the presentation of "complete and detailed objective medical reports of h[is] condition from licensed medical professionals." *Id.* (citing 20 C.F.R. §§ 404.1512(a)-(b), 404.1513(d)).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**ISSUES**

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error. Plaintiff argues the ALJ erred when he (1) improperly rejected the examining psychologist's opinions that he had marked non-exertional limitations in his ability to work; (2) improperly applied the Medical-Vocational Guidelines (Grids); and (3) failed to use a

1 vocational expert. (Ct. Rec. 13 at 7-8.)

## DISCUSSION

Where drug and/or alcohol abuse (DAA) is a consideration during disability proceedings, the Regulations implemented by the Commissioner require the ALJ to follow a specific two-phase analysis. 20 C.F.R. §§ 404.1535(a), 416.935(a). First, the ALJ must conduct the five-step sequential evaluation without attempting to determine the impact of DAA. If the ALJ finds that the claimant is not disabled under the five-step inquiry, the claimant is not entitled to benefits and there is no need to proceed with further analysis. Id. If the ALJ finds that claimant is disabled, and there is evidence that DAA is a contributing factor material to disability, the ALJ should proceed under the sequential evaluation and §§ 404.1535 or 416.935 to determine if the claimant would still be disabled if he stopped using drugs and alcohol. *Bustamante v. Massanari*, 262 F.3d 949, 955 (9th Cir. 2001).

Here, in his consideration of Plaintiff's impairments with the effects of alcohol, the ALJ found Plaintiff had the severe impairments of PTSD and substance abuse/dependence. (Tr. 21.) He then found Plaintiff met the Listings under Section Listing 12.09,[3]

---

[3] Although not specifically stated in the ALJ's findings (Tr. 26), it is inferred from the record that Plaintiff met the Listing for Section 12.09(C)(Anxiety Disorders) at step three. This inference is based on the ALJ's finding of a severe impairment of PTSD at step two (Tr. 21) and the requirements stated in 20 C.F.R. Part 404, Subpt. P, App. 1, Sections 12.00A, 12.09 and 12.06A and B. On remand, the ALJ shall clarify his findings at step two and three,

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 6

but absent the consideration of substance abuse, no other medical condition alone or combination, met the Listings. (Tr. 22, 26, Finding 4.) He found substance abuse was a "determining and contributing factor material to the claimant's disability." (Tr. 21.) He then evaluated the evidence without the effects of substance abuse/dependence and determined Plaintiff was not disabled. (Tr. 22-25.)

## A.  Medical Opinions

Plaintiff first argues the ALJ's determination is not supported by substantial evidence because he improperly evaluated the medical opinions. The record includes treatment notes from the Veterans Administration Medical Center (VA) and Family Service Spokane (FSS), a report from examining psychologist Ruth Flanagan, Ph.D., and evaluations from non-examining agency physicians and medical experts, as well as evaluation forms from other sources.

In disability proceedings, a treating or examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart,* 379 F.3d 587, 592 (9th Cir. 2004). If a treating or examining physician's opinion is not contradicted, it can be rejected only with "clear and convincing" reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If contradicted, the ALJ may reject the opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Services*, 44 F.3d 1453, 1463 (9th Cir. 1995). In addition to medical reports in the record, the analysis and opinion of a non-examining medical expert selected by the ALJ may be

---

with and without the effects of alcohol.

helpful in his adjudication. *Andrews,* 53 F.3d at 1041 *(citing Magallanes v. Bowen,* 881 F.2d 747, 753 (9th Cir. 1989). Testimony of a medical expert may serve as substantial evidence when supported by other evidence in the record. *Id.*

Historically, the courts have recognized conflicting medical evidence, the absence of regular medical treatment during the alleged period of disability, and the lack of medical support for doctors' reports based substantially on a claimant's subjective complaints, as specific, legitimate reasons for disregarding an examining physician's opinion. *See Flaten*, 44 F.3d at 1463-64; *Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989).

In February 2004, examining psychologist Ruth Flanagan, Ph.D., diagnosed Plaintiff with depressive disorder, nos; posttraumatic stress disorder; rule/out polysubstance dependence; and rule/out personality disorder, nos, with antisocial avoidant features. (Tr. 120.) She noted that Plaintiff made contradicting statements regarding recent drug use and reported he had been on a four-day "crack binge" six weeks before the evaluation. (Tr. 118, 152.) He also reported attending at least eight in-patient treatment programs for chemical dependence, but was still drinking 22 ounces of beer daily and not attending AA or NA meetings. (Tr. 118-119.) Based on this one-time exam, Dr. Flanagan recommended a new chemical evaluation, substance abuse treatment and abstinence; she opined Plaintiff could not hold a job due to his mental limitations. (Tr. 120.) She concluded his prognosis was likely to improve with DAA abstinence and treatment and recommended a protective payee due to his history of DAA. (Id.)

At the time Dr. Flanagan assessed Plaintiff, he also was

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 8

receiving services from the VA. (Tr. 139-260.) On April 1, 2004, the behavioral services treatment team, including Dr. Robert Kuwik, staff psychiatrist, diagnosed depression, PTSD, polydrug abuse, and antisocial personality disorder. (Tr. 147.) On April 23, 2004, his addiction therapist noted Plaintiff was trying to satisfy behavioral health service requirements without going into substance abuse treatment. (Tr. 142.) Plaintiff reported to his therapist that he "drinks and drugs" because of mental health problems. Plaintiff also indicated he was "jumping through hoops" to get social security. (Id.) He was counseled to stop drinking and drugging, report to jail, clean up in jail and return after 45 days clean and sober for evaluation. (Id.) Records from FSS dated October 25, 2004, to January 22, 2005, indicate Plaintiff was assessed but did not follow through with mental health treatment. (Tr. 291-92.)

Agency psychologists reviewed Plaintiff's records in March and May 2004. (Tr. 122, 261.) "State agency medical and psychological consultants are highly qualified physicians and psychologists who are experts in the evaluation of medical issues in disability claims under the Social Security Act." *Social Security Ruling (SSR)* 96-6p. Their findings of fact must be treated as expert opinion evidence of non-examining sources by the ALJ, who can give weight to these opinions only insofar as they are supported by evidence in the case record. The ALJ cannot ignore these opinions and must explain the weight given. (*Id.*)

Mary Gentile, Ph.D., assessed impairments under Listing Sections 12.04 (depression, nos), 12.06 (PTSD), 12.08 (personality disorder) and 12.09 (Substance Addiction Disorder, polysubstance

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 9

dependence). (Tr. 122.) Noting credibility issues related to DAA, Dr. Gentile opined Plaintiff had marked limitations in his ability to interact with the public, but despite depression and anxiety, he could work. (Tr. 136, 138.) She reported Plaintiff should work away from the public, with minimal co-worker contact and supportive supervision. She opined his behavior may distract co-workers. (Tr. 134, 137-38.)

In May 2004, agency psychologist Deborah Baldwin, Ph.D., reviewed Plaintiff's records and confirmed Dr. Gentile's identification of impairments. (Tr. 264-72.) She assessed moderate limitations in social function and one to two episodes of decompensation. (Tr. 274.) She found Plaintiff had marked limitations in his ability to interact appropriately with the public and moderate limitations in his ability to work in close proximity to others without being distracted by them, to accept instructions and respond appropriately to criticism from supervisors, and to get along with co-workers without distracting them or exhibiting behavioral extremes. She also opined he had moderate limitations in his ability to respond appropriately to changes in the work setting. (Tr. 279-80.) Based on her review of the records discussed above, Dr. Baldwin concluded Plaintiff was "able to work in environment with limited contact with general public and superficial contact with co-workers." (Tr. 280.) This review covered a period of time during which Plaintiff reported active drug and alcohol use. (Tr. 276.) In summarizing the agency reports, the ALJ noted the agency findings did not differentiate limitations with or without

consideration of substance use.[4] (Tr. 21.)

The assessments by John Davis, MHP, are considered "other source" opinions under the Regulations. "Other sources" are defined as nurse practitioners, physicians' assistants, therapists, teachers, social workers, spouses and other non-medical sources. 20 C.F.R. § 404.1513(d). Mr. Davis assessed Plaintiff in November 2003, and December 2004. (Tr. 113-16, 382-85.)[5] In his evaluations, Mr. Davis opined Plaintiff had "marked" and "severe" limitation in several functional categories, including a "severe" inability to interact appropriately with the general public, tolerate the pressures of the workplace, and exercise judgment and make decisions. (Tr. 115.)

Medical expert Robert Klein, Ph.D., reviewed the record and testified at hearing that Plaintiff had an affective (depressive) disorder, personality disorder and substance addiction disorder, as described under Listing Sections 12.04, 12.08, and 12.09. (Tr.

---

[4] On review, the court notes the consultants' reports were based on records documenting a period when Plaintiff was using drugs and alcohol and refusing treatment. (Tr. 134, 276.) On remand, the ALJ shall specify what weight he gave to these agency opinions. *SSR 96-6p*.

[5] It appears the December 2004, evaluation from Mr. Davis was submitted to the Appeals Council on or about May 18, 2006; therefore it was not before the ALJ during the proceedings. (Tr. 8.) Since it was considered by the Appeals Council, and relates to the period before the ALJ's decision, it is part of the record on review by this court. *Harman*, 211 F.3d at 1179-80.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 11

395.) He opined that Plaintiff met the Listing requirements for Section 12.09, substance abuse disorder. (Tr. 395.) In the Mental Medical Source Statement that accompanied his testimony, Dr. Klein found Plaintiff would have "moderate" and "marked" limitations in all functional categories, when considered with the effects of DAA. (Tr. 363.) He opined that without the effects of DAA, Plaintiff would have moderate difficulty in his ability to interact appropriately with the general public, but would have no other significant limitations. (Tr. 361-64, 395.)

Plaintiff contends that the ALJ's failure to give specific and legitimate reasons for rejecting Dr. Flanagan's and Mr. Davis' opinions is legal error requiring reversal. (Ct. Rec. 13 at 13.) However, the ALJ did not reject these opinions when evaluating the Plaintiff with the effects of substance abuse. The ALJ summarized Dr. Flanagan's report, noting that Plaintiff reported a history of substance abuse, including a four-day "crack binge" six weeks before the evaluation. (Tr. 20.) He specifically noted Dr. Flanagan's recommendation that Plaintiff complete a DAA treatment program "as he continued to engage in substance abuses." (Tr. 20.) Because the ALJ's summary of Dr. Flanagan's report clearly indicates Plaintiff was still using drugs, he did not have to reject her opinions because they are consistent with his finding that Plaintiff met the Listing for substance addiction disorder (Section 12.09). (Tr. 23.) There is no evidence that Dr. Flanagan's opinions applied to Plaintiff's conditions without the effects of drug addiction. Therefore, the limitations were not considered during the ALJ's second evaluation without the effects of DAA. *See Ball,* 254 F.3d

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 12

at 821. The ALJ properly incorporated Dr. Flanagan's medical opinions into his evaluation of Plaintiff's impairments with the effects of DAA. Based on a review of the record in its entirety, Dr. Flanagan's opinions support the ALJ's finding that Plaintiff was disabled when DAA was considered.

The ALJ also summarized Mr. Davis' evaluation and, contrary to Plaintiff's argument, properly rejected findings of "marked" and severe" limitations. As "other source" evidence, Mr. Davis' opinions cannot establish a diagnosis or disability absent corroborating competent medical evidence. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). However, the ALJ is required to "consider observations by non-medical sources as to how an impairment affects a claimant's ability to work." *Sprague*, 812 F.2d at 1232. Pursuant to *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993), an ALJ is obligated to give reasons germane to the "other source" testimony before discounting it. The ALJ discredited Mr. Davis' opinions because they were based on the invalid diagnosis of "polysubstance abuse in full remission." (Tr. 20.) This is a specific, germane reason supported by Dr. Flanagan's narrative report that clearly documents Plaintiff was using and was unreliable in his report of drug use.

**B.   Vocational Expert Testimony**

The ALJ, consistent with *Bustamante*, conducted a second, "separating out" evaluation of Plaintiff's impairments. At step four, the ALJ found Plaintiff had no exertional limitations and moderate non-exertional limitations in his interactions with the general public, absent the effects of alcohol. (Tr. 24.) The ALJ

concluded Plaintiff could perform past relevant work as a general laborer because "the claimant has remained capable of superficial work-related or goal oriented contact, and that his past work as a general laborer does not require significant interaction with others, and therefore, falls within the realm of this limitation." (Tr. 24.) Plaintiff argues there was not substantial evidence to support this finding. (Ct. Rec. 13 at 5.)

Although the burden of proof lies with the claimant at step four, the ALJ still has a duty to make the requisite factual findings to support his conclusion. *SSR* 82-62.[6] This is done by looking at the "residual functional capacity and the physical and mental demands" of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(e) and 416.920(e). Past relevant work is work performed in the last 15 years, lasted long enough to learn it and was substantial gainful employment. *SSR* 82-61. In finding that an individual has the capacity to perform a past relevant job, the decision must contain among the findings the following specific findings of fact:

1. A finding of fact as to the individual's residual functional capacity (RFC).

2. A finding of fact as to the physical and mental demands of the past job/occupation.

3. A finding of fact that the individual's RFC would permit a return to his or her past job or occupation.

*SSR* 82-62.

---

[6]See 20 C.F.R. §§ 404.1571 and 416.971, 404.1574 and 416.974, 404.1565 and 416.965.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 14

These findings must be based on the evidence in the record and must be developed and fully explained in the disability decision. As the Ninth Circuit has stated, "[t]his requires specific findings" on all three points sufficient "to insure that the claimant really can perform his past relevant work." *Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir. 2001). Where adequate descriptions of past work are unavailable, a vocational expert is required. *SSR* 82-61, *SSR* 82-41. The adjudicator may rely on the *Dictionary of Occupational Titles* for an explanation of job requirements; however, vocational experts are used at step four and step five to resolve complex vocational issues. *SSR* 00-40. Here, the Plaintiff did not testify. The only description of Plaintiff's past work as a "laborer" in the record was a one page "Work History Report" form completed by Plaintiff in December 2003. (Tr. 82.) This is not substantial evidence to adequately assess the requirements of Plaintiff's past work as a "laborer" and make findings as to the demands of the job. Further, Plaintiff indicated to Dr. Flanagan that his five-month job as a telemarketer was the longest job he had had since 1989. He stated his longest jobs were the four years he spent in the Marines, and the one and a half years in a package store. (Tr. 119.) Since there is not sufficient evidence in the record describing the physical and mental demands of Plaintiff's past work, and a vocational expert was not called to opine on the issue, the ALJ's step four finding is not supported by substantial evidence.

However, the ALJ made an alternative step five finding that Plaintiff could perform other jobs in the national economy. (Tr. 24.) Because the ALJ proceeded to step five, legal error at step

four could be considered harmless error if the correction of that error would not alter the result. *See Johnson v. Shalala*, 60 F.3d 1428, 1436 n.9 (9th Cir. 1995).

**C.   Step Five**

At step five, the burden shifts to the Commissioner to show that (1) the claimant can perform other substantial gainful activity; and (2) a "significant number of jobs exist in the national economy" which claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984). Plaintiff argues the ALJ erred at step five when he applied the Grids instead of calling a vocational expert to opine on Plaintiff's ability to work with non-exertional mental limitations. (Ct. Rec. 13 at 8.)

The Grids were adopted by the Commissioner to improve the efficiency and uniformity of Social Security benefits proceedings. *Desrosiers v. Secretary of Health and Human Services,* 846 F.2d 573, 576 (9th Cir. 1988). Their use was upheld as valid in *Heckler v. Campbell, 461* U.S. 458 (1983). The use of the Grids is appropriate where "a claimant's functional limitations fall into a standardized pattern accurately and completely described by the Grids." *Tackett,* 180 F.3d at 1103 (*citing Desrosiers*, 846 F.2d at 577). "Significant non-exertional impairments make reliance on the Grids inappropriate." *Desrosiers*, 846 F.2d at 577. Non-exertional limitations are those that do not depend on an individual's physical strength, such as mental, sensory, manipulative and environmental limitations. *Cooper v. Sullivan*, 880 F.2d 1152, 1155 (9th Cir. 1989). Where non-exertional limitations exist, "the ALJ must examine independently the additional adverse consequences resulting

from the nonexertionary impairment." *Id.* at 1156. The Grids are then used as a "framework," because alone, the Grids do not fully describe the claimant's abilities and limitations. *Tackett*, 180 F.3d at 1102.

The simple allegation of a non-exertional limitation, however, does not preclude application of the Grids. *Tackett*, 180 F.3d at 1102. Non-exertional limitations must be sufficiently severe to limit claimant's functional capacity in ways not contemplated by the Grids. To rule otherwise would frustrate the purpose of the Grids. *Desrosiers,* 486 F.2d at 577. The ALJ must first determine if non-exertional limitations significantly limit the range of work permitted by a claimant's exertional limitations. If the limitation is slight, use of the Grids is appropriate. *Id.*

Here, the ALJ found Plaintiff's "moderate" non-exertional limitation did not significantly compromise his ability to work, stating:

> The undersigned also takes administrative notice of the fact that expert vocational analysis have [sic] historically indicated that the 'moderate' mental capacity limitation assigned the claimant, does not significantly erode the administratively noticed occupational base. Additionally, expert vocational analysis has also historically listed occupations which individuals with the same 'moderate' mental capacity limitation assigned the claimant, could still perform.

(Tr. 25.) In this case, administrative notice of historical vocational expert opinions regarding general "mental capacity limitations" is not an independent examination of Plaintiff's limitations and is not substantial evidence to meet the Commissioner's burden of proof at step five. *See SSR* 85-15 (mental impairments require an evaluation of ability to work on an

individualized basis). The ALJ's findings do not clearly explain what impact Plaintiff's specific non-exertional limitation, *i.e.,* his limited ability to interact appropriately with the general public, will have on his ability to work, considering his work experience (which is also unclear from the record), age and exertional capacity. *SSR* 83-14 (where impact is unclear, services of vocational expert are necessary). It is not conclusive from the record before this court that a moderate inability to interact appropriately with the general public causes only a "slight" functional work impairment. (*See* Tr. 361.) The ALJ's use of the Grids with administrative notice was not appropriate. *See Tackett*, 180 F.3d at 1103; *SSR* 85-15. The ALJ's failure to use the services of a vocational expert at step four and step five is reversible error.[7]

---

[7] Plaintiff's representative submitted a vocational evaluation by James Flynn, Ed.D., to the Appeals Council in March 2006. (Tr. 386-88.) Plaintiff argues this report supports his claim of disability. (Ct. Rec. 13 at 8-9.) This argument is without merit. Dr. Flynn opined Plaintiff's past work was as a Construction Worker II, based on the one page Work History Report in the record. (Tr. 386.) As discussed above, this report does not constitute substantial evidence to describe job requirements. Physical limitations opined in the physical evaluation upon which Dr. Flynn's opinions were based related to Plaintiff's knee pain in October 2004. (Tr. 378-81.) Restrictions on work were expected to last 90 days; therefore, they do not meet the durational requirement. Regarding mental limitations, Dr. Flynn considered Plaintiff's

**CONCLUSION**

The ALJ's determination that Plaintiff is not disabled is not supported by substantial evidence and is based on legal error. Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 12)** is **GRANTED** and the matter is remanded to the Commissioner for additional proceedings in accordance with the decision above and sentence four of 42 U.S.C. § 405(g);

2. Defendant's Motion for Summary Judgment **(Ct. Rec. 15)** is **DENIED;**

3. Application for attorney's fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for **PLAINTIFF** and the file shall be **CLOSED**.

DATED March 6, 2007.


                         S/ CYNTHIA IMBROGNO
                    UNITED STATES MAGISTRATE JUDGE

---

mental impairments with the effects of alcohol; thus, his findings arguably support the ALJ's determination that Plaintiff was disabled, with the effects of DAA. His opinions, however, do not constitute substantial evidence to support a finding of disability under the second, "separating out" evaluation of Plaintiff's impairments without the effects of alcohol.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 19